GARDEN, JUDGE:
On July 15, 1972, PFC Paul A. Kearny was operating a 114 ton truck and trailer loaded with camp equipment owned by the Adjutant General and which was part of a National Guard convoy enroute from Morgantown to Elkins, West Virginia. In attempting to negotiate a curve in the Town of Junior, Barbour County, West Virginia, Kearny lost control of the truck and trailer and as a result, it left the roadway and struck a residence owned by the claimant. The testimony revealed that this property had been purchased by the claimant *191 in 1970 for the sum of $2,500.00. The impact caused extensive damage to the front room or living room of the residence knocking out all five windows and destroying all the floor joists in the room (being 12 in number).
While the answer filed by the respondent denied negligence, there was no dispute at the hearing concerning the same. The principal issue in this claim is the amount of damages that should be awarded to claimant. Subsequent to the hearing, and by agreement of counsel, a deposition of one, Ken Auvil, was taken on behalf of the claimant. This witness testified that he had been in the home building business since 1962 and was familiar with the cost of repairs in the Upshur County area and was, in addition, familiar with real estate values in that County. Auvil estimated the cost of repairing the house to be in the amount of $2,400.00, but more importantly to this Court, he indicated that the value of the residence was reduced between $1,500.00 and $2,000.00 as a result of the accident.
In addition to the actual damage to the residence, the claimant testified that it became necessary for him to seek other living accommodations, and that he, since the date of the damage to the residence, had been living with a friend and was contributing $20.00 per month towards the rental of his friend’s property. In his complaint, the claimant contends that he should recover this rental expense in the amount of $600.00, or for a period of 30 months.
While the case of Cline v. Paramount Pacific, Inc., (W. Va.) 196 SE 2d 87 (1973), would seem to indicate that the proper measure of damages for temporary damage to real estate is the cost of repairs, we feel that the better view and the one followed by this Court in prior decisions, is the diminution of the market value, and consequently, an award of $2,000.00 for the damage to the residence is hereby made. We further believe that the claimant has failed to comply with his legal duty of minimizing damages in respect to the rent claim, but we do feel that an award of $60.00 covering his rental expense for a three-month period is justified and reasonable.
Award of $2,060.00.